UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FARRUKHZOD MUZAFFAR UGLI )
FAYZIEV, )
 )
          Petitioner, )
 )
          v. )    No. 2:26-cv-00385-JPH-MJD
 )
MARKWAYNE MULLIN in his official )
capacity as Secretary of the Department )
of Homeland Security, *et al.*, )
 )
          Respondents. )

**Order to Show Cause**

The Court, having considered the above action and the matters which are

pending, makes the following rulings:

1.     To promote efficient briefing of this action, the petitioner is

encouraged to provide a courtesy copy of the petition and any exhibits, along

with a copy of this Order to the following:

    Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)
    Liberty L. Roberts, Church Church Hittle & Antrim,
    (lroberts@cchalaw.com)

These individuals **may** be willing to waive formal service under Rule 4 of the

Federal Rules of Civil Procedure on behalf of their clients.

2.     If counsel noted in step 1 does not agree to waive service, the

petitioner is directed to serve a copy of the petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 on the respondents consistent with Rule 4. Along

1

with the Petition and any exhibits, service must also include a copy of this Order.

3.      The respondents will have **seven days** from the date service is made or waived, to answer the allegations of the habeas petition and **show cause** why the relief sought by the petitioner should not be granted. The petitioner will have **four days after service of the answer** to reply.

4.      The weight of authority supports Petitioner's position—that ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b), so Petitioner is at minimum entitled to a bond hearing and not subject to mandatory detention. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."); *see also, e.g., Lopez-Campos v. Raycraft*, No. 25-1965, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden*, No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1243395, at *2 (2d Cir. Apr. 28, 2026) ("The government claims that mandatory detention must continue regardless of how long removal proceedings take—even if the noncitizen poses no danger to the community or risk of flight. . . . That is not what the law says. Today, although we part ways with two other circuits that have addressed this question, we join

the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); *Gonzalez Robles v. Olson*, No. 2:26-cv-00295-JPH-MG, dkt. 11, at *5–6 (S.D. Ind. May 14, 2026) (collecting decisions of this Court). In their response, the respondents must explain why this Court should reach a different result here.

5.      The respondents shall not transfer Petitioner outside the jurisdiction of the United States or to another federal judicial district during the pendency of this habeas petition without further order of Court following a proper motion by Respondent.  *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025)*; United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947).

6.      The petitioner's motion requesting the issuance of an order to show cause, dkt. [3], is **granted** insofar as the Court has issued this order and **denied** to the extent it seeks relief other than that granted through this order. Specifically, the seven-day response deadline reflects the Court's judgment that more than three days are necessary to assemble the pertinent records and prepare a meaningful response.

**SO ORDERED.**

Date: 6/1/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Luis Angeles
Angeles Law LLC
luis@abogadoangeles.com

3