UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FARRUKHZOD MUZAFFAR UGLI FAYZIEV, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-00385-JPH-MJD |
| MARKWAYNE MULLIN in his official capacity as Secretary of the Department of Homeland Security, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Farrukhzod Muzaffar Ugli Fayziev, is detained at the Clay County Jail on behalf of U.S. Immigration and Customs Enforcement (ICE). Petitioner seeks a writ of habeas corpus requiring Respondents to release him from custody.

For the reasons explained below, the Court grants the petition to the extent that it orders Respondents to either afford Petitioner a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations or release him from custody under reasonable conditions of supervision.

### I. Facts

Petitioner is a native and citizen of Uzbekistan. Dkt. 11-1 at 1. He entered the United States without inspection in 2022 and was promptly apprehended by Border Patrol agents near Jacumba, California. *Id.* at 11.

1

The government initiated a removal proceeding but did not detain Petitioner. Instead, immigration officials released Petitioner subject to an order of recognizance (OREC) and permitted him to continue into the United States. *Id.*

On April 10, 2026, Indiana State Police (ISP) troopers arrested Petitioner at a weigh station for commercial trucks. The record indicates that the troopers were part of an immigration enforcement task force and had no basis for detaining or arresting Petitioner beyond suspicion that he was not lawfully admitted to the United States. The troopers contacted ICE, which lodged a detainer and issued an administrative warrant "command[ing]" that Petitioner be arrested pursuant to 8 U.S.C. § 1226. *Id.* at 5, 11.

Immigration officials cancelled Petitioner's OREC and initiated a full removal proceeding pursuant to 8 U.S.C. § 1229a. *Id.* at 1, 9. An immigration judge ordered Petitioner removed to Uzbekistan on May 5. *Id.* at 7–8. Petitioner appealed the removal order to the Board of Immigration Appeals (BIA), and that appeal remains pending. Dkt. 14.

Petitioner remains detained at the Clay County Jail and has not received a bond hearing.

## II. Analysis

Petitioner raises six challenges to his continued detention, and those challenges may be grouped into three categories.

1. The government did not abide by its own regulations when it arrested him, so his detention is unlawful under the doctrine of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–67 (1954).

2. Petitioner's detention violates the Immigration and Nationality Act (INA), its regulations, and, relatedly, the Administrative Procedure Act (APA).

3. Petitioner's detention violates the Fifth Amendment's due process clause, its equal protection principles, and the Constitution's restrictions against suspending the writ of habeas corpus.

## A.    *Accardi* and Lawfulness of Arrest

Petitioner argues that the government did not adhere to its own regulations when it arrested him and that his arrest and subsequent detention are therefore contrary to law under *Accardi*. "*Accardi* and its progeny teach generally that federal agencies are required to follow their own regulations and some other formally adopted procedures, including those that govern exercises of an agency's discretion." *Zelaya Diaz v. Rosen*, 986 F.3d 687, 690 (7th Cir. 2021).

Petitioner cites federal regulations providing that an "immigration officer" may only execute an arrest upon reason to believe that the arrestee "has committed an offense against the United States or is an alien illegally in the United States," and such arrest must be subject to a warrant unless the "immigration officer has reason to believe that the" arrestee "is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2).  Assuming for the sake

3

of argument[1] that the government violated § 287.8(c)(2) when it arrested Petitioner, that does not warrant granting his habeas petition. "[O]nce deportation proceedings have begun the legality of the alien's detention"—or, more precisely on the facts of that case, the legality of the alien's *arrest*—"can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). Indeed, in the analogous context of pretrial criminal confinement, once probable cause is established and the prosecution has commenced, the defendant's remedies are available only in the context of the criminal proceeding.[2] Courts have consistently applied this principle as barring habeas petitions alleging unlawful arrest under the regulations Petitioner cites.[3]

---

[1] Although Respondents did not address this argument in their response, the record demonstrates that an administrative warrant was issued on April 10 and Petitioner entered ICE custody on April 12. Dkt. 11-1 at 1 (notice to appear), 5 (warrant), 11 (narrative). There is no indication that the ISP task force officers obtained a warrant before initially arresting Petitioner. However, the regulations Petitioner invokes apply specifically to "immigration officers," not to state officers deputized under 8 U.S.C. § 1357(g).

[2] *Bridewell v. Eberle*, 730 F.3d 672, 676–77 (7th Cir. 2013) ("Bridewell . . . cannot show injury. The state judge concluded that probable cause existed to find that she had shot Chandler and ordered her to be held—and also revoked her bail on the drug-distribution charge. . . . Events showed that Bridewell had been arrested properly and was not entitled to release on bail. If the police had complied with [*County of Riverside v. McLaughlin*, 500 U.S. 44, 111 (1991)], she would have learned these things a little sooner but would have remained in jail. This means that she was not injured by the delay.").

[3] *See, e.g., Bonachea v. Noem*, No. 2:26-CV-653-KCD-NPM, 2026 WL 1096846, at *5 (M.D. Fla. Apr. 23, 2026) ("Ultimately, even if there were a violation of 8 C.F.R. § 287.8(c)(2)(ii), the Court would not grant the extraordinary remedy Bonachea seeks: outright release from custody. . . . The writ of habeas corpus exists to remedy currently unlawful confinement, not to orchestrate a revolving door of release and immediate re-detention when the underlying statutory basis for custody remains perfectly valid."); *Acosta Gonzalez v. Noem*, No. 26-60781-CIV, 2026 WL 1077836, at *4 (S.D. Fla. Apr. 20, 2026) ("[I]f the government has lawful grounds to detain Petitioner pending his removal, he is not entitled to habeas relief based on a defective arrest."); *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) "([A]n illegal arrest has no bearing on the legality of detention following that arrest. A number of district courts have thus rejected habeas corpus claims based on allegedly unlawful arrests.").

**B.    INA Claim**

Petitioner alleges that his continued detention without a bond hearing violates the INA, its regulations, and therefore the APA. Respondents initially argued argue that the INA not only authorizes but requires his detention pursuant to 8 U.S.C. § 1225(b)(2)(A).

The Seventh Circuit recently decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Petitioner who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.  Respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 16 at 1.

**C.    Scope of Relief**

Petitioner asks for immediate release from custody, which is the customary remedy in habeas proceedings. *See DHS v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). The Court finds that

immediate release would not be in the interests of justice here. The Court has found that Petitioner is subject to § 1226(a), which may allow the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Petitioner's custody is therefore not unlawful because he is detained, but because he has not received the bond hearing that the law requires.

**D.     Constitutional Arguments**

Because the Court has found that Petitioner's detention violates the INA, it does not reach his argument that his detention violates the Fifth Amendment or the Suspension Clause. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

**E.     Administrative Exhaustion**

Finally, Respondents ask the Court to dismiss this action and direct Petitioner to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Choudhary v. Swearingen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026). Given that the government has just changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order Respondents to schedule a bond hearing or release Petitioner.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as Respondents will have until **5:00 p.m. on August 14, 2026,**[4] to either (1) provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release him from detention under reasonable conditions of supervision. Respondents must notify Petitioner's counsel of the setting of any bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Petitioner within **two days** after the hearing or his release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 8/6/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Luis Angeles
Angeles Law LLC
luis@abogadoangeles.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

---

[4] This deadline may be modified without need for Court involvement upon agreement by Petitioner and the federal respondents.

7