UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FARRUKHZOD MUZAFFAR UGLI FAYZIEV,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN in his official capacity as Secretary of the Department of Homeland Security, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00385-JPH-MJD |

**ORDER DENYING MOTION TO ENFORCE**

Farrukhzod Muzaffar Ugli Fayziev filed a petition for a writ of habeas corpus challenging the lawfulness of his detention at the Clay County Jail on behalf of U.S. immigration officials. The Court granted his petition in part, ordering the respondents to "provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release him from detention under reasonable conditions of supervision." Dkt. 17 at 7.

The case returns to the Court through Petitioner's motion to enforce the Court's previous order. He received a bond hearing, but the immigration judge denied him bond, so he remains in immigration detention. Dkt. 21-1. Petitioner argues that the immigration judge failed to review or consider certain evidence and failed to address certain matters in his decision. Although Respondents indicate that Petitioner has appealed the immigration judge's decision to the Board of Immigration Appeals (BIA), *see* dkt. 21 at 1, there is no indication that

he has received a decision. *See* 8 C.F.R. § 1236.1(d) (providing for BIA review of bond determinations).

**I. Lack of Jurisdiction**

Respondents argue that 8 U.S.C. § 1226(e) places Petitioner's request outside this Court's jurisdiction. By statute, a "discretionary judgment" under § 1226(a) regarding bond "shall not be subject to review," and "[n]o court may set aside" a "denial of bond."

Petitioner argues that § 1226(e) "does not strip jurisdiction over claims that the process itself violated the Constitution, a statute, or a regulation." Dkt. 20 ¶ 19. But the substantive arguments in Petitioner's motion to enforce, regardless of how he characterizes them, do not challenge any specific constitutional, statutory, or regulatory provision. Rather, Petitioner argues that the immigration judge erred in evaluating the evidence. *Id.* ¶¶ 26–37.

Petitioner further argues that § 1226(e) does not deprive this Court of jurisdiction to review the immigration judge's decision for compliance with this Court's order. Dkt. 20 ¶ 18. But the Court's order was to "provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations." Dkt. 17 at 7. Petitioner does not dispute that he received a bond hearing or argue that respondents deprived him of adequate notice, an opportunity to present evidence, or any essential component of a hearing. Instead, he argues that the immigration judge erred in evaluating the evidence and articulating his decision.

The Court lacks jurisdiction under Section 1226(e) to review Petitioner's challenge to the immigration judge's evaluation of the evidence.[1]

## II. Exhaustion of Administrative Remedies

Respondents argue that this motion must also be denied for failure to exhaust administrative remedies. The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

[1] To the extent Petitioner argues more broadly that the bond hearing was too cursory to function as the individualized review this Court ordered, that argument is foreclosed by the record. Petitioner's counsel was given opportunities to make an argument in chief and to rebut the government's argument. Dkt. 20-1 at 7–10 (transcript of bond hearing). The immigration judge asked a series of questions about Petitioner's employment and the circumstances of his arrest. *Id.* at 10–11. After articulating his decision, the immigration judge offered counsel an opportunity to raise any additional matters, and counsel used it to further address the immigration judge's questions about Petitioner's arrest. *Id.* at 13–14. Petitioner argues principally in his motion to enforce that the immigration judge erred by finding him a flight risk without consulting the record to confirm that Petitioner had a stable address in the United States. *Id.* ¶¶ 2–3, 10–11, 28–30. However, counsel did not raise that issue when given the opportunity to do so at the bond hearing. In sum, the record does not support Petitioner's argument that the immigration judge conducted the hearing in a manner that violated this Court's order.

There is no statutory requirement for Petitioner to complete a BIA appeal before seeking review in this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Here, Petitioner asks the Court to excuse exhaustion, arguing that the agency lacks the ability and competence to resolve the issue he raises—namely, whether his bond hearing complied with this Court's order. But again, the Court's order simply required Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) and its regulations or release him. Petitioner does not dispute that he received a hearing or argue that he was deprived of any

opportunity to present his case. Rather, he argues that the immigration judge didn't properly evaluate the evidence under BIA precedent and the Policy Manual issued by the Executive Office for Immigration Review. Dkt. 20 ¶¶ 26–37. The BIA is at least as well equipped as this Court to assess whether the immigration judge complied with those requirements and should be allowed to correct any errors made by the immigration judge. *Weinberger*, 422 U.S. at 765.

Petitioner also argues that he will be unduly prejudiced if he is required to exhaust his challenge to the immigration judge's decision denying him bond. Dkt. 20 ¶ 22. Petitioner suggests that he would be prejudiced by having to exhaust because "the Board would not reach the question for months", but he cites no evidence supporting that argument. Dkt. 20 at 9. So, this argument does not establish prejudice. Even assuming that the BIA would take longer to render a decision than this Court would, Petitioner has not shown that such prejudice overcomes the general rule requiring exhaustion.

## III. Conclusion

Petitioner's motion to enforce, dkt. [20], is **DENIED**.

**SO ORDERED.**

Date: 11/10/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.